INDUSTRIAL RISK INSURERS, APPELLEE, v. LORENZ EQUIPMENT COMPANY ET AL., APPELLANTS.

[Cite as *Indus. Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576.]

(No. 93–281—Submitted March 2, 1994—Decided July 20, 1994.)

578

*Arter & Hadden, Anthony J. Damelio, Jr., Michael J. Bertsch* and *Edward S. Jerse,* for appellee.

*Vorys, Sater, Seymour & Pease, Edgar A. Strause* and *James H. Hedden,* for appellant Dresser Industries, Inc.

*Freund, Freeze & Arnold* and *Stephen C. Findley,* for appellant Lorenz Equipment Co.

---

MOYER, C.J.  This case presents the question whether a trial court, when ruling on a Civ.R. 41(B)(1) motion to dismiss for want of prosecution in an action that has been refiled after a voluntary dismissal per Civ.R. 41(A)(1)(a), may consider the dilatory conduct of the nonmoving party in the previously filed action.  For the reasons that follow, we answer this question in the affirmative.

Civ.R. 41(A)(1) states in part, "an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial * * *.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."  This court has stated that the right of a plaintiff to dismiss once under Civ.R. 41(A)(1) without prejudice is "absolute."  *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 675, 590 N.E.2d 1214, 1217.  This court has also stated that "[a]n obvious purpose for the rule is to encourage the plaintiff to bring a rapid and complete conclusion to an action, which, for whatever the reason, cannot or should not be tried.  The rule does not require the trial court to investigate the plaintiff's motivation for dismissing the action." *Id.* at 674, 590 N.E.2d at 1217.  Thus, a trial court may not take any action that allows prejudice to flow from the plaintiff's first voluntary dismissal.

Nevertheless, Civ.R. 41 does not, read in its entirety, completely erase the memory of the previously filed action.  Civ.R. 41(A)(1) provides that once a party has voluntarily dismissed a claim, any subsequent voluntary dismissal operates as an adjudication on the merits.  Moreover, Civ.R. 41(D) provides: "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."  The Staff Note to Civ.R. 41(D) states that the issue of costs in the previously filed action may be an issue in the refiled action.  In other words, although the plaintiff may suffer no prejudice from the first act of dismissing, nevertheless it may not avoid all of the consequences of its conduct in prosecuting the previously filed action.  The trial court in the refiled action may make an award in that action that grows out of the previous action.

Civ.R. 41 is patterned after Fed.R.Civ.P. 41.  Staff Note (1970).  We may therefore look to federal case law as persuasive authority in our interpretation of Civ.R. 41.  In *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 396–397, 110

S.Ct. 2447, 2456, 110 L.Ed.2d 359, 376, the Supreme Court of the United States held that the imposition of Fed.R.Civ.P. 11 sanctions after the voluntary dismissal of a case per Fed.R.Civ.P. 41(a)(1)(i) does not infringe upon the right to dismiss under that rule. The Supreme Court reasoned that Rule 11 sanctions are collateral to the action, and that it is well established that federal courts may consider collateral issues after an action is no longer pending. The court further stated that Fed.R.Civ.P. 41(a)(1) does not codify any right of a plaintiff to file meritless actions. *Id.* at 397–398, 110 S.Ct. at 2457, 110 L.Ed.2d at 377.

The United States District Court for the District of Columbia, considering a motion to dismiss for want of prosecution, did not confine itself to consideration of the plaintiffs' conduct in the federal district court. Rather, it considered also the plaintiffs' failure to proceed in an alternate forum. *Ames v. Std. Oil Co.* (D.D.C.1985), 108 F.R.D. 299. In *Ames,* the plaintiffs assiduously avoided proceeding to arbitration, despite the trial court's order to do so and a frivolous and unsuccessful appeal from that order. The court held that the plaintiffs had displayed a course of protracted neglect that justified dismissal for failure to prosecute.

The court of appeals in the instant case acknowledged that its holding may result in "a great injustice." Nevertheless, it felt constrained by its interpretation of the right conferred by Civ.R. 41(A)(1)(a). We agree with the court of appeals on where the equities fall in this case. We furthermore conclude that a proper reading of the rule dictates a result that coincides with those equities.

Appellants assert that appellee engaged in a course of conduct in the previously filed action that would justify dismissal for want of prosecution. Furthermore, they allege that appellee continued its course of dilatory conduct in the refiled action. If these assertions are true, allowing appellee to prosecute the present action without regard to its conduct in its prior action would further no discernible public policy or goal of the Rules of Civil Procedure. Conversely, allowing a trial court to take notice of the plaintiff's course of conduct in the prior action furthers the goal of promoting diligent prosecution of claims, and does not penalize the plaintiff for its first dismissal. Had the plaintiff shown the proper alacrity in its refiled action, and provided no reasonable grounds for a Civ.R. 41(B)(1) motion to dismiss for failure to prosecute in this action, it would have been improper for the trial court to enter such dismissal based solely on the conduct in the previous action. Such an order would, in effect, be entered in the previous action, outside the jurisdiction of the trial court. When a plaintiff's dilatory conduct continues in a refiled action, however, a trial court is not required to suffer from institutional amnesia. It is axiomatic that a trial court may take judicial notice of its own docket.

We therefore hold that in an action that has once been voluntarily dismissed pursuant to Civ.R. 41(A)(1)(a), a trial court, when ruling on a Civ.R. 41(B)(1) motion to dismiss for failure to prosecute, may consider the conduct of the plaintiff in the prior action.

It remains to be determined whether the conduct of appellee in these actions was sufficiently dilatory to merit dismissal for failure to prosecute. The power to dismiss an action for lack of prosecution is within the sound discretion of the trial court. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126, 437 N.E.2d 1199, 1201. Noting that dismissal for want of prosecution is an "extremely harsh sanction," this court stated that it should be granted only when an attorney's conduct falls substantially below what is reasonable and displays contempt for the judicial system or the rights of the opposing party. *Moore v. Emmanuel Family Training Ctr., Inc.* (1985), 18 Ohio St.3d 64, 70, 18 OBR 96, 102, 479 N.E.2d 879, 885. It is not, for instance, an abuse of discretion for a trial court to dismiss an action for lack of prosecution when a plaintiff voluntarily fails to appear at a hearing, without explanation, and the trial court has specifically directed him to appear. *Pembaur, supra,* syllabus.

A review of the procedural history of this case convinces us that IRI has earned such a dismissal. The first action had a life-span of over a decade, including at least two years in which it lay completely dormant. While the first action was pending, Dresser's expert witness died. Twice, IRI declared its readiness to proceed to trial; twice, it was not ready to go to trial. Appellants encountered considerable obstacles in completing the deposition of IRI's second, replacement, expert witness. The trial court's growing impatience with IRI is manifest from its April 1991 docket control order in which it threatened sanctions and stated its intention to refuse any further extensions. A trial court is in the best position to determine whether delays in the prosecution of a case are due to legitimate reasons. *Fletcher v. S. Farm Bur. Life Ins. Co.* (C.A.8, 1985), 757 F.2d 953, 957.

Nor did IRI's foot-dragging cease with the refiling of its action. Appellee's dilatory conduct in the production of Dr. Selz's investigatory file and in answering the interrogatories submitted by Lorenz constitutes substantial evidence that IRI still did not plan to prosecute the action diligently. Based on the conduct of IRI in the refiled action and in its prior action, it was not an abuse of discretion for the trial court to dismiss the action for want of prosecution under Civ.R. 41(B)(1).

We therefore reverse the judgment of the court of appeals and reinstate the judgment of the trial court dismissing the action.

*Judgment reversed.*

A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Resnick, J., concurs separately.

Alice Robie Resnick, J., concurring. I concur in the judgment of the majority, but write separately simply to state that prior to a dismissal under Civ.R. 41(B)(1), a hearing should be conducted. If a hearing is not required, a trial judge could arbitrarily dismiss for failure to prosecute based upon prior conduct in an earlier case which may not warrant dismissal.

A hearing should be conducted wherein the party seeking dismissal for want of prosecution would be required to present evidence establishing the specific conduct from the prior action which warrants dismissal. The party opposing such dismissal would also have an opportunity to present evidence in opposition to such dismissal. The trial judge and parties would be making a record which ultimately would form the basis for review where necessary.

While it may be, as the majority states, "axiomatic that a trial court may take judicial notice of its own docket," the better practice is to conduct a hearing prior to dismissal pursuant to Civ.R. 41(B)(1).