Plaintiffs, James and Christy Nardelli, bring this appeal from an April 10, 1997 judgment of the Franklin County Court of Common Pleas dismissing their complaint with prejudice. The record before the court reveals the following.
On February 12, 1997, plaintiffs refiled a previously dismissed complaint against defendants, Anna Smith, Brant Thirtyacre, and "John Does I and II," alleging plaintiffs had been injured as a result of the defendants' conspiracy to commit assault, battery, conversion, and false imprisonment. Plaintiffs' refiled complaint was assigned case No. 97CVF02-2855, and an original case schedule was issued setting a trial date of April 1, 1998.
Between February 12, 1997 and April 1, 1998, the record reflects only minimal procedural activity. On March 11, 1997, defendant Anna Smith filed an answer to plaintiffs' complaint, noticed plaintiffs' depositions, and filed a request for the production of documents. On February 3, 1998, counsel were mailed a courtesy notice of the April 1, 1998 trial date. Thereafter, on March 27, 1998, plaintiffs filed their witness disclosure list, and instructed the clerk's office to attempt certified mail service on defendant Brant Thirtyacre. On April 20, 1998, the attempted service on Thirtyacre was returned to the clerk's office bearing the notation "unclaimed."[1]
On the morning of April 1, 1998, plaintiffs' case was reassigned to be tried by a visiting judge. The transcript reveals that Mr. Chades McGowan was present representing plaintiffs, and that Mr. Robert Cohen was present representing defendant Anna Smith. The transcript also reveals that neither James nor Christy Nardelli were present, however, it does not specifically mention the presence or absence of defendant Smith.
Once counsel had entered their appearances, the visiting judge assigned to hear plaintiffs' case opened a dialogue by addressing defendant Smith's motion to dismiss plaintiffs' complaint. In support of the motion, defense counsel argued that there was a "problem" with plaintiffs not being present and involved in the selection of a jury, and that their absence might be used by plaintiffs on appeal. Counsel also argued that plaintiffs had not complied with various deadlines set forth in the case schedule. In response, plaintiffs' counsel waived plaintiffs' presence for jury selection and stated plaintiffs' desire to proceed to trial. Plaintiffs' counsel then addressed defendant Smith's claims that the deadlines set forth in the case schedule had not been complied with, noting that neither party had timely involved the court in the discovery process through the filing of discovery or other procedural motions.
After hearing argument from counsel on the motion, the court stated:
 "Here we have a situation where the defendant, or the plaintiff, in this instance, decided to go off on a trip to Florida. I understand he is in Florida, and I am assuming that it was known full well that this case was set for trial today; and it is also well-known or should be known by the lawyers practicing at this bar that there are two visiting judges assigned to hear cases in this court. The purpose of this procedure is to expedite the business of the court and to make sure that cases are heard on assignment and not continued on the trial docket of the judges to whom the cases are assigned.
 "For these reasons and for the reasons expressed by counsel, considering all of these reasons and their arguments, the court will dismiss this case with prejudice and instruct counsel for the defendant to prepare and submit an entry according to this decision. * * *" (Tr. 13-14.)
Plaintiffs' case was later dismissed on April 10, 1998, by way of a judgment entry, the contents of which are set forth below:
 "The above styled matter came on for hearing before this court, pursuant to the clerks [sic] amended case schedule filed February 21, 1997. Defendant and her counsel appeared and were ready to proceed. Neither of the Plaintiffs appeared, although their counsel was present and wished to proceed in their absence by picking a jury with the expectation that plaintiff's [sic] would arrive later in the day. Plaintiff's [sic] counsel stated that his clients were on spring break vacationing with their children, but could get a plane to Ohio that afternoon. Defendant then made a motion to dismiss with prejudice.
 "It is therefore, ordered, adjudged, and decreed
that this case be dismissed with prejudice."
Thereafter, plaintiffs filed this appeal raising the following assignment of error:
 "The trial court erred by dismissing plaintiff-appellants' case with prejudice because proper notice was not given prior to the dismissal under Civ.R. 41(B)(1) and because there was no failure to prosecute."
In this case, the judge assigned to plaintiffs' case did not set forth the specific rule or reasons for dismissing plaintiffs' complaint with prejudice. In context, however, it appears that the court dismissed plaintiffs' complaint as a result of the court's belief plaintiffs had failed to prosecute their action. This, in turn, appears to be based solely upon plaintiffs' absence from the courtroom on the morning of trial.
Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." According to the Ohio Supreme Court, the decision to dismiss an action pursuant to Civ.R. 41(B)(1) rests within the sound discretion of the trial court. Quonset Hut, Inc. v. FordMotor Co. (1997), 80 Ohio St.3d 46, 47. However, because a dismissal with prejudice forever bars a plaintiff review of the merits of his claim, appellate "abuse of discretion" review is heightened when reviewing decisions that forever deny a review of a claim's merits. Jones v. Hartranft (1997), 78 Ohio St.3d 368,372.
The dismissal of a case pursuant to Civ.R. 41(B)(1) is warranted only if the conduct exhibited by a party or his counsel is sufficiently negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for the dismissal. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 632. Among the factors to be considered include a drawn-out history of litigation, evidence of a party's failure to voluntarily comply with the discovery requests of an adverse party unless ordered or threatened, and any other evidence which demonstrates that the party is deliberately proceeding in a dilatory manner. Indus. RiskInsurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576.
In this case, the record clearly fails to support a conclusion that plaintiffs or their attorney engaged in such conduct. Although defendant Smith argued that plaintiffs failed to timely comply with some of the discovery deadlines set forth in the case schedule, no evidence of plaintiffs' failure is before the court. Significantly, there is no indication that plaintiffs willfully or deliberately violated any court order, there is no evidence that this action was continued, or continued on multiple occasions, and there is also no evidence that plaintiffs otherwise acted in a dilatory fashion. To the contrary, the trial transcript reveals that, on the morning of trial, plaintiffs' counsel was present and ready to proceed with jury selection.
In light of the heightened standard of review, in addition to the lack of clear evidence that plaintiffs conducted themselves in an "irresponsible, contumacious or dilatory" fashion, we find that the trial court abused its discretion when it dismissed plaintiffs' action.
For the foregoing reasons, plaintiffs' assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded for further proceedings consistent with this opinion and in accordance with law.
Judgment reversed; cause remanded.
TYACK, J., and LAZARUS, P.J., concur.
[1] Although the record contains a few additional entries, those entries are of no significance to plaintiffs' appeal.