JOURNAL ENTRY AND OPINION
Plaintiff-appellant Marie McGhee appeals from the trial court's order dismissing her complaint against defendants-appellees, sheriff's deputies, with prejudice for failure to prosecute pursuant to Civ.R. 41 (B) (1). Plaintiff contends the trial court abused its discretion in not granting the plaintiff's last-minute request for a jury trial on her claim and that the sheriff's deputies used excessive force in breaking into her home to execute a search warrant. Plaintiff also claims the trial court erred in not granting a continuance. We find no reversible error and affirm.
The underlying civil case involved a claim by plaintiff for emotional injuries caused by the allegedly improper execution of a search warrant by sheriff's deputies at her residence on December 2, 1995. The plaintiff originally filed this case on April 16, 1996 (C.P. No. 306962). That case was voluntarily dismissed and refiled on July 1, 1997, as the instant case. Plaintiff did not file a jury demand in either case. However, the defendants did file a jury demand with their answer in the second case.
At the case management conference held on September 24, 1997, the case was set for a jury trial on April 6, 1998. However, during the final pretrial conference on March 24, 1998, the defendants orally withdrew their jury demand with the consent of the plaintiff. On April 6, 1998, the court continued the trial to June 4, 1998. On the June 4th trial date, the court again continued the trial to June 23rd.
On June 23rd, because the court was engaged in other civil and criminal matters, the case was referred to a visiting judge for trial to commence on June 24th. On the morning of trial, the plaintiff filed a motion to continue the trial and for leave to file a jury demand.
In her motion, plaintiff conceded: "At a pretrial defendants withdrew their jury demand and the Court and the parties agreed to a bench trial." Plaintiff's counsel also expressed to the court on the record that defendants withdrew their jury demand at a pretrial and that the parties agreed the trial would be before the judge. (Tr. at 7-9).
After conferring with both counsel in chambers and considering the plaintiff's motions, the court was called to order at 10:21 a.m., whereupon the court denied the motions and called the case for trial. (Tr. at 18). At that point, plaintiff's counsel stated that his client was not available to proceed to trial. The court then expressed to plaintiff's counsel that it intended to follow the original judge's order stating: "Bench trial set for 6/24/98 at 9:00 a.m. Failure to appear will result in dismissal." The court declared a recess until 1:15 p.m., and instructed plaintiff's counsel to notify his client that the trial would commence at that time and that failure to appear would result in a dismissal. (Tr. at 19, 20).
After waiting beyond the ordered time, the court reconvened at 2:14 p.m. (Tr. at 24, 25). Because the plaintiff was still absent, the court recessed again. (Tr. at 48). When the plaintiff finally appeared around 3:20 p.m., she indicated that she was too tired to proceed (Tr. at 48, 51, 53), whereupon the court granted the defendants' motion to dismiss for failure to prosecute. (Tr. at 56).
This timely appeal ensued.
Plaintiff's sole assignment of error states as follows:
 I. THE LOWER COURT ERRED IN DENYING PLAINTIFF-APPELLANT'S MOTION FOR A JURY TRIAL AND DISMISSING THE COMPLAINT.
In her assignment of error, plaintiff asserts that the defendants' jury demand was not properly withdrawn pursuant to Civ.R. 39 (A). Plaintiff further asserts that she was entitled to a jury trial under Civ.R. 38 (B) and the trial court erred in denying her jury demand and subsequently dismissing her complaint. We disagree.
Civ.R. 38 provides litigants with a means of preserving their constitutional right to a jury trial. However, this rule does not automatically place the case upon the jury trial calender or list. The party or parties who desire a jury trial must take affirmative action in order to exercise this right. Civ.R. 38 (B) explicitly states that a jury demand must be made within fourteen days after service of the last pleading directed to the issues. Furthermore, under Civ.R. 38 (D), failure to comply with Civ.R. 38 (B) constitutes a waiver of a party's right to trial by jury.Ferguson v. Strader (1994), 94 Ohio App.3d 622, 626; Harris v.Burger (July 31, 1997), Cuyahoga App. No. 71007, unreported.
In the instant case, plaintiff did not timely file a jury demand. Defendants, on the other hand, did file a jury demand with their answer.
Civ.R. 39 (A) provides that once a jury demand is properly made the case shall be docketed as a jury action and trial shall be by jury unless the parties, by written stipulation or oral stipulation made in open court and recorded, consent to a trial by the court sitting without a jury. We find that the defendants properly withdrew their jury demand.
The record reflects that on March 24, 1998, during the final pretrial conference, the defendants orally withdrew their jury demand with the consent of the plaintiff. In fact, it is undisputed by the parties that the defendants orally withdrew this jury demand. However, the plaintiff asserts that this withdrawal was insufficient to satisfy Civ.R. 39 (A) as it was not a written stipulation filed with the court or an oral stipulation made in open court and on the record.
We find that even though the stipulation by the parties to waive the jury trial was initially made outside the record at the final pretrial, the agreement was entered upon the record in open court on the day of trial. The transcript reflects that plaintiff's counsel expressed to the court that "at the pretrial both the — both counsel and the Court agreed that it would be before the judge." (Tr. at 7). Plaintiff's counsel further expressed to the court that the defendants withdrew their jury demand at a pretrial. (Tr. at 8). Plaintiff's counsel also conceded to the court that plaintiff never requested a jury trial and had waived her right to a trial by jury. (Tr. at 8-9). These statements by plaintiff's counsel clearly establish that the parties' stipulated to the withdrawal of the jury demand on the record and in open court. Accordingly, we find that the defendants properly withdrew their jury demand in accordance with Civ.R. 39 (A).
Plaintiff further asserts that she was denied her right to a jury trial when the trial court denied her demand for a jury trial and her motion for a continuance to prepare for a jury trial.
This assertion is also unsupported by the record.
The record reflects that after the defendants withdrew their jury demand, the case was subsequently scheduled and continued as a bench trial on April 6, 1998, June 4, 1998 and June 23, 1998. On the June 23, 1998 trial date, the court was engaged in other matters and the case was referred to a visiting judge for bench trial which was to commence the following day, June 24, 1998. It was at this time that plaintiff claims she was denied her right to a jury trial because she was prepared to proceed with a bench trial before the previous judge and was misled when the court referred her case to a new judge. On the day of trial, plaintiff, acknowledging defendants' withdrawal of their jury demand and her own waiver, filed a jury demand along with a motion for a continuance. The trial court denied both. Plaintiff erroneously asserts that she should have been permitted to choose a jury trial rather than a bench trial before the newly appointed judge and the court deprived her of her right to a jury by denying her motions.
Civ.R. 39 (B) specifically provides that issues that are not demanded for trial by jury as provided in Civ.R. 38 shall be tried by the court. This Rule also specifically states "the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."
In the instant case, it is undisputed that plaintiff did not demand a jury trial and had waived her right to trial by jury. Therefore, pursuant to Civ.R. 38 (B), once plaintiff waived her right to a jury trial, it was within the discretion of the trial court to grant her untimely jury demand made on the day of trial. Absent an abuse of that discretion, a reviewing court will not substitute its judgment for that of the trial court. The decision to grant or deny a request for a continuance is also within the broad discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. State v. Burke
(1995), 73 Ohio St.3d 399, 407; State v. Grant (1993), 67 Ohio St.3d 465,479; State v. Powell (1990), 49 Ohio St.3d 255, 259. An abuse of discretion is more than an error of law or judgment, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The record reflects that the plaintiff was apparently prepared to proceed with a bench trial on the trial date before the originally assigned trial judge. However, there was a change in the trial judge and plaintiff refused to proceed unless she could now have a jury trial and a continuance to prepare her case for the jury trial. Plaintiff has set forth no compelling reasons why the change of judges necessitated a jury trial or why the newly assigned judge could not give her a fair trial. Under these circumstances, the trial court was completely justified in exercising its discretion in favor of proceeding without a jury as the parties had previously agreed. This denial clearly was not unreasonable, arbitrary or unconscionable to constitute an abuse of the trial court's discretion.
The trial court also did not abuse its discretion in dismissing plaintiff's case for failure to prosecute. Civ.R. 41 (B) (1) provides that the trial court may, upon motion or on its own motion, dismiss an action or claim where the plaintiff fails to comply with these rules or any court order. "The decision to dismiss a case pursuant to Civ.R. 41 (B) (1) is within the sound discretion of the trial court." Quonset Hut, Inc. v. Ford MotorCo. (1997), 80 Ohio St.3d 46, 47. However, because a dismissal with prejudice forever bars a plaintiff from further review of his or her claim, the appellate court's "abuse of discretion" review is heightened when reviewing such dismissals. Jones v.Hartranft (1997), 78 Ohio St.3d 368, 372.
 The dismissal of a case pursuant to Civ.R. 41 (B) (1) is warranted only if the conduct exhibited by a party or his counsel is sufficiently negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for the dismissal. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936. Among the factors to consider include a drawn-out history of litigation, evidence of a party's failure to voluntarily comply with the discovery requests of an adverse party unless ordered or threatened, and any other evidence which demonstrates that the party is deliberately proceeding in a dilatory manner. Indus. Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576, 635 N.E.2d 14.
Nardelli v. Smith (Mar. 16, 1999), Franklin App. No. 98AP-561, unreported.
In the instant case, the trial court had sufficient cause to exercise its discretion in favor of dismissal. The record reflects that plaintiff's case was originally filed on April 16, 1996, voluntarily dismissed and refiled on July 1, 1997. This case also had been set and reset for trial several times before it was reassigned to the visiting judge. The transcript reflects that the newly appointed judge received an order from the originally assigned judge which stated "Failure to appear will result in dismissal." (Tr. at 12, 20). On the day of trial, plaintiff wanted not only a jury trial, but also a continuance to prepare for a jury trial. Furthermore, plaintiff did not arrive at the trial until the afternoon of the trial date and when the court was finally prepared to proceed with the trial, plaintiff expressed to the court that she was too tired to proceed. Under these circumstances, we find that plaintiff's inaction constituted the type of dilatory conduct that constitutes substantial grounds for a dismissal for failure to prosecute. Therefore, the trial court was within its discretion in dismissing plaintiff's case.
Plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J., CONCURS. O'DONNELL, J., CONCURS WITH SEPARATECONCURRING OPINION.
 _________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
 CONCURRING OPINION