OPINION
This is an accelerated appeal taken from a final judgment of the Portage County Court of Common Pleas. Appellants, Candice Stroh, a minor, and her father, Michael Stroh, appeal from the denial of their motion to vacate or to amend a prior judgment in which the trial court dismissed their civil action against appellee, Howard Whitcomb.
On or about May 6, 1990, two-year-old Candice Stroh ("Candice") was with her parents, Michael and Antoinette Stroh ("the Strohs"), at the home of appellee in Ravenna, Ohio. During the course of the visit, Candice allegedly suffered facial lacerations as a result of being bitten by appellee's dog.
Subsequently, on August 19, 1991, Candice, by and through her father, brought suit against appellee for damages pursuant to R.C.955.28(B). The complaint was filed on behalf of appellants by attorney James K. Clower ("Clower"). Appellee filed an answer through counsel on October 10, 1991.
Several pretrial conferences were held, and the trial court eventually ordered that all discovery was to be completed by June 1, 1992. At a pretrial hearing on that date, Clower successfully sought the acquiescence of appellee's counsel for an additional thirty days in which to produce certain photographs depicting the scarring injuries purportedly sustained by Candice and a report from a plastic surgeon who had examined the little girl.
On July 21, 1992, appellee filed a motion to compel discovery on the ground that appellants had not delivered the photographs and medical report as promised by Clower. The trial court granted the motion the same day, thereby ordering appellants to comply with the discovery request on or before August 1, 1992. Neither appellants nor Clower, however, produced the materials.
On August 3, 1992, another pretrial conference was held by the trial court. Appellee's counsel was in attendance, but Clower failed to appear. Following this proceeding, the trial court granted a defense motion for sanctions based on appellants' failure to adhere to the prior discovery order.
Appellants then took no action in furtherance of the litigation of their complaint for over a year. On November 18, 1993, the trial court sent notice to appellants' counsel of record in accordance with former Rule 6 of the Rules of Superintendence for Courts of Common Pleas indicating that it intended to dismiss the action. Pursuant to this notice, the trial court informed counsel that the case had languished on the docket for more than six months with no proceedings having been taken. As a result of this inactivity, the trial court warned that the case would be dismissed unless a copy of the notice was returned requesting specific court action, thereby indicating that the litigation was still active.
The trial court received nothing in response to the notice of pending dismissal. On December 6, 1993, therefore, the trial court entered an order dismissing the case for want of prosecution. A copy of the order was mailed to counsel for both parties. Since the trial court did not specify otherwise in the judgment entry, the dismissal operated as an adjudication upon the merits.
As indicated previously, Clower attended the June 1, 1992 pretrial conference, but failed to appear at the final pretrial on August 3, 1992. During the interval from late 1992, through the dismissal of their cause of action in December 1993, the Strohs attempted to contact Clower in person and telephonically. Despite their efforts, the Strohs could not locate Clower in order to inquire as to the status of the lawsuit. It appears, in effect, that Clower abandoned his representation of appellants.[1]
After their attempts to locate Clower proved fruitless, the Strohs consulted with a new attorney, John Tomasi ("Tomasi"), at some point in 1994. After speaking with them about the dog bite incident, Tomasi undertook an investigation into appellants' lawsuit against appellee. Tomasi, however, never filed a notice of appearance with the trial court or took the necessary steps to determine whether appellants' complaint was dismissed with or without prejudice by the court.
Tomasi contacted the plastic surgeon who had previously examined Candice's scars in 1992. Tomasi arranged for the plastic surgeon to see Candice again. The doctor re-examined Candice on October 17, 1994, and issued an updated report describing her scars and surgical options in March 1996. In addition, Tomasi contacted a claims representative with appellee's insurance carrier, Nationwide Insurance, for the purpose of inquiring into the company's position with respect to appellants' claim for damages against appellee. Nationwide Insurance sent a letter to Tomasi in July 1996, in which the company opined that appellants no longer had a viable claim against appellee because the case had already been dismissed on the merits by the trial court.
Two years elapsed from 1994 until 1996, while Tomasi was unofficially pursuing the dismissed cause of action on behalf of appellants. It is undisputed that Tomasi informed appellants that their lawsuit had been terminated at some point, but it is not clear exactly when during this interval that appellants became aware of the dismissal. It is uncontroverted, however, that appellants knew by July 1996, or shortly thereafter, that the case had been dismissed with prejudice.
Thereafter, two additional years passed with appellants making no effort to reopen the matter. Finally, in 1998, appellants consulted with a third attorney, Thomas Spinks ("Spinks"), regarding the case. After speaking with Spinks, appellants retained him as their new attorney.
On October 14, 1998, Spinks filed a notice of appearance with the trial court. In conjunction with his appearance, Spinks simultaneously filed a motion to vacate or to amend the prior order dismissing appellants' case for want of prosecution. Appellants put forth three alternative grounds in support of the motion: (1) they were entitled to relief from the December 6, 1993 dismissal order under Civ.R. 60(B)(5) because the delay in prosecuting the case was not attributable to them; (2) the involuntary dismissal was invalid because the trial court did not comply with the notice requirements of former C.P.Sup.R. 6 and Civ.R. 41(B)(1); or (3) the trial court should issue a nunc protunc entry amending its prior judgment to include the words "without prejudice" in the dismissal order, thereby allowing appellants the opportunity to refile the case. Appellee filed a brief in opposition to appellants' motion.
On December 9, 1998, the trial court denied the motion by judgment entry. In doing so, the trial court found that appellants had not shown cause for relief under Civ.R. 60(B), notice had been sent to counsel prior to the dismissal, and the issuance of a nunc pro tunc entry would be inappropriate in light of the fact that the original order of dismissal did not contain a clerical error.
From this judgment, appellants filed a timely notice of appeal with this court. They now assert the following assignment of error:
 "The trial court abused its discretion in denying plaintiffs-appellants' motion to vacate or amend [the] order dismissing for want of prosecution."
In their lone assignment of error, appellants posit that the trial court abused its discretion by denying their motion to vacate the prior dismissal or, in the alternative, to amend the order such that the dismissal would operate without prejudice. Pursuant to this proposed error, appellants set forth two of the three arguments which were previously advanced in the trial court, to wit: the trial court should have vacated the December 6, 1993 dismissal order under Civ.R. 60(B)(5), and the trial court failed to notify counsel as required by former C.P.Sup.R. 6 and Civ.R. 41(B)(1) before dismissing the case. We will examine these issues in reverse order.
Appellants' second argument is that the trial court abused its discretion by denying their motion to vacate the dismissal order because the court did not comply with the notice requirements of former C.P.Sup.R. 6 and Civ.R. 41(B)(1). This position is not well-founded.
Former C.P.Sup.R. 6 was superseded by Rule 40 of the Rules of Superintendence for the Courts of Ohio effective July 1, 1997. The latter rule is essentially identical to the former. Sup.R. 40 currently reads in pertinent part:
"(A) Review; Dismissal; Rulings
 "Each trial judge shall review, or cause to be reviewed, all cases assigned to the judge. Cases that have been on the docket for six months without any proceedings taken in the case, except cases awaiting trial assignment, shall be dismissed, after notice to counsel of record, for want of prosecution, unless good cause be shown to the contrary." (Emphasis added.)
Under this rule, a trial judge is periodically required to review all cases that have been assigned to the judge. The purpose of the review is to identify those cases that have been on the docket for at least six months without any action being taken and to dismiss inactive cases for want of prosecution.
The dismissal of an inactive case is not a summary exercise. Pursuant to the express language of Sup.R. 40(A), notice to counsel of record for the parties is a condition precedent to the dismissal of a case. Notice to counsel by ordinary mail suffices. See 1997 Staff Notes to Sup.R. 40.
If the trial court decides to dismiss a civil case for failure to prosecute, the actual dismissal is executed under the auspices of Civ.R. 41. Specifically, Civ.R. 41(B)(1) provides as follows:
 "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.)
A dismissal under Civ.R. 41(B)(1) operates as an adjudication upon the merits unless the trial court, in its order for dismissal, otherwise specifies. Civ.R. 41(B)(3). In other words, an involuntary dismissal for failure to prosecute under Civ.R. 41(B)(1) is with prejudice to the plaintiff unless the trial court states otherwise in the judgment entry ordering the dismissal of the action from the docket.
The trial court is in the best position to adjudge whether delays in the prosecution of a case are due to legitimate reasons when determining whether dismissal for lack of prosecution is warranted. Indus. Risk Insurers v. Lorenz Equip. Co. (1994),69 Ohio St.3d 576, 581. As such, the decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its discretion. Jones v. Hartranft (1997), 78 Ohio St.3d 368,371, citing Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91.
Under Civ.R. 41(B)(1), the trial court must give notice to counsel before dismissing an action for want of prosecution. The purpose of requiring notice prior to dismissal is to provide the party in default with the opportunity to correct the default or to explain why the case should not be dismissed with prejudice.Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128; see, also,Holt v. Ayers (1998), 127 Ohio App.3d 535, 537.
In the case sub judice, the trial court found that it had fully complied with the notice requirements of former C.P.Sup.R. 6 and Civ.R. 41(B)(1). The record contains a notice of pending dismissal signed by the trial judge and time-stamped on November 18, 1993. In the notice, the trial court clearly warned the parties that the case would be dismissed in two weeks time if counsel did not notify the court that the litigation was still active. The notice read:
 "The docket reveals no proceedings have been taken in the above case in the past six (6) months. In accordance with Rule No. 6, of the Rules of Superintendence, this case will be dismissed for Want of Prosecution on December 2, 1993, unless before that date a copy of this notice is returned indicating this case is active and Court Action requested."[2] (Emphasis sic.)
In their motion to vacate the December 6, 1993 dismissal order, appellants argued that the trial court did not comply with the notice requirements of former C.P.Sup.R. 6 and Civ.R. 41(B)(1) because the record demonstrated that the notice of the pending dismissal was not filed until after the court had actually dismissed the case. In this regard, appellants pointed to a copy of the above quoted notice which was time-stamped December 7, 1993, (i.e., one day after the trial court dismissed the action with prejudice on December 6, 1993). Based on the time-stamp date of December 7, 1993 on this document, appellants maintained that such notice obviously was not sent to counsel prior to the actual dismissal as required by former C.P.Sup.R. 6 and Civ.R. 41(B)(1).
A review of the record, however, reveals that two copies of the notice actually appear in the trial court file, to wit: one time-stamped on November 18, 1993 and another time-stamped on December 7, 1993. Thus, appellants' reliance on the latter document was misplaced. The record clearly reflects that the notice was initially filed on November 18, 1993.
After receiving no response from appellants or Clower, the trial court dismissed the case by order dated December 6, 1993. For whatever reason, the clerk of court time-stamped another copy of the notice the following day and inserted it into the record.[3] The original notice, the dismissal order, and the second copy of the notice are numbered consecutively in the docket.
Thus, two duplicate copies of the notice, with different time-stamp dates, are present in the record. It is uncontroverted, though, that the initial notice of the pending dismissal was clearly prepared and filed more than two weeks prior to the actual dismissal of appellants' suit against appellee.
On appeal, appellants now acknowledge the existence of the November 18, 1993 notice in the record. Despite this, appellants go to great lengths in their brief to argue that even the existence of the November 18, 1993 notice in the record does not prove that a copy was actually mailed to counsel for the parties. When the docket reflects that a notice was sent, the burden is on the party claiming it was not sent to prove their case. Appellants, however, have offered absolutely no evidence (e.g., an affidavit from Clower or a copy of their client file from Clower's defunct law practice) to suggest that a copy was not sent by ordinary mail to counsel. Indeed, appellants offer no more than their hypothesis in the form of mere conjecture that a copy of this notice of pending dismissal was not sent to Clower, who was still counsel of record in November 1993.
Given this, we conclude that the presence of the journalized and docketed C.P.Sup.R. 6 notice is sufficient evidence to support the presumption that the trial court gave proper notice to counsel for the parties. The trial court was correct in asserting it complied with the notice requirements of former C.P.Sup.R. 6 and Civ.R. 41(B)(1) prior to dismissing appellants' case against appellee.
Appellants' other argument is that the trial court abused its discretion by denying their motion to vacate the December 6, 1993 dismissal order because they satisfied the three requirements for relief from judgment under Civ.R. 60(B). Specifically, appellants maintain that the circumstances surrounding this case combine to form a reason justifying relief from judgment as provided for by Civ.R. 60(B)(5).
Civ.R. 60(B) enumerates several grounds upon which relief from final judgments and orders may be granted. It provides in part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." (Emphasis added.)
In order to prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate the following: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus; Taaffev. Taaffe (Dec. 26, 1997), Trumbull App. No. 96-T-5616, unreported, at 2, 1997 WL 799501 (applying the GTE
test). The moving party must satisfy all three prongs of the test in order to prevail. Argo Plastic ProductsCo. v. Cleveland (1984), 15 Ohio St.3d 389, 391; Svobodav. Brunswick (1983), 6 Ohio St.3d 348, 351.
The decision whether to grant a Civ.R. 60(B) motion rests within the sound discretion of the trial court. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. The trial court's ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. Id.; Moore v. Emmanuel Family Training Ctr. (1985),18 Ohio St.3d 64, 66; Ursetti v. Omlin (Dec. 11, 1998), Lake App. No. 97-L-287, unreported, at 12.
In the case at bar, we conclude that the trial court abused its discretion by denying appellants' motion to vacate the dismissal order pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) is intended as a catchall provision reflecting the inherent power of a court to relieve a party from the unjust operation of a judgment. Although it is not constrained by the one-year time limitation applicable to the first three grounds listed in the rule, a motion for relief from judgment brought pursuant to Civ.R. 60(B)(5) is nevertheless still subject to a requirement of reasonableness in terms of when it is filed.
In the instant matter, appellants filed their Civ.R. 60(B)(5) motion on October 14, 1998, asking that the trial court vacate its December 6, 1993 dismissal order. Thus, it took appellants almost five years to request relief from the judgment in which the trial court dismissed their action against appellee on the merits.
On appeal from the denial of the Civ.R. 60(B)(5) motion, appellants contend that it was filed within a reasonable amount of time. As support for this position, appellants basically assert that the extreme delay was due to no fault of their own.
Appellants first point to Clower's dereliction of his duties as their attorney and his abandonment of the case following the June 1, 1992 pretrial conference. From appellants' perspective, they were essentially unrepresented from June 1992, through the trial court's dismissal of the action on December 6, 1993. After the case was dismissed with prejudice, appellants retained Tomasi's services in 1994. The fact that the complaint had been dismissed on the merits was apparently unknown to appellants when they contacted Tomasi and not discovered until he informed them of that fact during the latter half of 1996. Apparently Tomasi did not immediately realize that the dismissal had been entered with prejudice, but, instead, started working on the case as though the dismissal had been without prejudice.
Thus, appellants first learned of the dismissal with prejudice in the latter half of 1996. It is apparent that when they learned of this fact, they still were not informed of the option to file a motion for relief from judgment. In other words, appellants had been represented by two different attorneys over a period of approximately five years who, combined, did far more harm than good.
At some point within the next two years, appellants contacted present counsel, Spinks, who then instituted the underlying proceedings in an effort to get the case reinstated. After examining the totality of the circumstances, it is clear that a great injustice has occurred. Through no fault of their own, and based upon some unusual and extraordinary circumstances, appellants have had the door of justice shut in their face. Considering when appellants first learned of the availability of relief from judgment, we cannot conclude that it was an inordinate or unreasonable period of time until the motion for relief was filed on their behalf. Thus, contrary to the trial court's conclusion, the time requirement applicable to relief under Civ.R. 60(B)(5) has been met. The third prong of the GTE analysis has been satisfied.
Additionally, we conclude that the unusual circumstances of the present case qualify as a reason justifying relief from the original judgment. When an attorney's malfeasance reaches such a level as to warrant disbarment, there is simply no justification for punishing the client for the attorney's deeds. Also, there is no prejudice that would result from appellee's point of view to allow appellants to have their day in court. If the original complaint had not been filed, Candice, a minor, would have had until 2006 to file her complaint. Hence, the second prong of theGTE analysis has also been satisfied.
Finally, it is undisputed that appellants have a meritorious claim to present if relief is granted. That issue has not been argued by appellee at any time during the proceedings to have appellants' case reinstated. Thus, the first prong of GTE has also been met.
Based upon the foregoing analysis, the trial court abused its discretion by denying appellants' motion to vacate or amend the order dismissing the case for want of prosecution. Appellants' motion should have been treated as a Civ.R. 60(B)(5) motion and it should have been granted. Appellants' sole assignment of error is sustained.
The judgment of the trial court is hereby reversed and the matter remanded for further proceedings consistent with this opinion.
 _____________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., concurs, CHRISTLEY, J., dissents with Dissenting Opinion.
[1] Clower's malfeasance in representing clients finally caught up with him. In Cuyahoga Cty. Bar Assoc. v. Clower (1998),84 Ohio St.3d 151, the Supreme Court of Ohio permanently disbarred Clower from the practice of law in Ohio for, inter alia, failing to prepare cases adequately and neglecting legal matters.
[2] In reality, the trial court afforded the parties even more time than was indicated in the notice because the court did not dismiss the litigation until December 6, 1993.
[3] It should be pointed out that even the notice which is time-stamped December 7, 1993, contains the typewritten date of November 18, 1993, at the top of the document. This further supports the inference that the clerk of court simply filed another copy of the notice in the record the day after the actual dismissal.
 DISSENTING OPINION