DECISION
Appellant, Deborah A. Ripley, appeals from a judgment of the Ohio Court of Claims dismissing her complaint for sexual harassment, pursuant to Civ.R. 41(B)(1), and sets forth the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT REFUSED TO GRANT A CONTINUANCE OF THE TRIAL SCHEDULED FOR JANUARY 8, 2001, DUE TO UNAVAILABILITY OF A MATERIAL WITNESS.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT REFUSED TO GRANT PLAINTIFF-APPELLANT'S MOTION TO DISMISS HER COMPLAINT WITHOUT PREJUDICE, PURSUANT TO RULE 41 (A)(2).
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN, OVER THE PLAINTIFF-APPELLANT'S OBJECTION, IT DISMISSED HER COMPLAINT WITH PREJUDICE.
For the reasons which follow, we reverse the judgment of the Court of Claims.
In November 1997, appellant filed a complaint for sexual harassment, alleging the actions of two of her co-workers at the Ohio Bureau of Employment Services, Ron Clemons and Ernest Dickman, created a hostile working environment. The case was set for trial Monday, January 8, 2001. Before commencing presentation of her case, appellant requested a continuance because she had learned on the previous Friday that Clemons was on medical leave, having had open-heart surgery on January 3, 2001. When the court refused to grant a continuance, appellant stated her intent to dismiss pursuant to Civ.R. 41(A). In response, the state offered to admit the discovery deposition of Clemons taken by appellant; however, appellant argued:
 Your Honor, I don't want to delay this any more than it already has been, but I really think that I need Mr. Clemons here for the Court to determine his credibility and demeanor as a witness. This case is going to come down to credibility and demeanor of the witnesses who are going to testify. * * * [Tr. at 9.]
When appellant persisted in pursuing dismissal, pursuant to Civ.R. 41(A), the court dismissed her complaint with prejudice, pursuant to Civ.R. 41(B)(1), for failure to prosecute. Appellant's third assignment of error is dispositive and will be addressed first. Civ.R. 41(B)(1) provides:
(B) Involuntary dismissal: effect thereof.
 (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
Whether or not to dismiss an action for want of prosecution is within the discretion of the trial court. Indus. Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576. An abuse of discretion within the context of a dismissal pursuant to Civ.R. 41(B)(1) implies an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. Pembaur v. Leis (1982), 1 Ohio St.3d 89. In Jones v. Hartranft (1997),78 Ohio St.3d 368, at 372, the court stated:
 * * * Thus, although reviewing courts espouse an ordinary "abuse of discretion" standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits.
A dismissal for want of prosecution is a harsh remedy that should only be granted when an attorney's conduct falls below what is reasonable and displays contempt for the judicial system. Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64.
In Jones, at 372, the court outlined the factors to be considered in granting a dismissal pursuant to Civ.R. 41(B)(1), including:
 * * * [T]he drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. * * *
Without considering whether the court gave the required notice prior to the dismissal with prejudice, we conclude the trial court abused its discretion. A review of the proceedings show the complaint was filed in 1997, and discovery proceeded by agreement of the parties without need for the court to interfere and the parties attended pre-trial conferences. The inability of subpoenaed witness Clemons to appear was due to extraordinary circumstances and nothing in the record suggests appellant was aware of his inability to appear until sometime on Friday before the Monday trial.
The credibility and demeanor of witnesses is a lynchpin of sexual harassment cases. Duvall v. Time Warner Entertainment Co., LP (June 25, 1999), Hamilton App. No. C-980515, unreported. Inasmuch as Clemons' deposition consists of denials, statements of inability to recall events or allegations that appellant was a willing participant, appellant's decision not to rely on his deposition was reasonable. Inasmuch as there is nothing in the record to suggest appellant was being dilatory in proceeding with her case, was being contemptuous of the judicial system by requesting a continuance, or seeking dismissal pursuant to Civ.R. 41(A), we conclude the court abused its discretion in dismissing the action with prejudice in light of other remedies available such as requiring appellant to pay the costs of the continuance.
For the foregoing reasons, appellant's third assignment of error is sustained. Based on our disposition of the third assignment of error, appellant's first and second assignments of error are overruled as moot. This matter is remanded to the Ohio Court of Claims with instructions to reinstate the case on its docket.
 __________________ BOWMAN, J.
PETREE and LAZARUS, JJ., concur.