DECISION
Plaintiff-appellant, Midwest Physician Anesthesia, appeals the February 5, 2001 judgment entry of the Franklin County Municipal Court dismissing appellant's action. For the following reasons, we affirm.
On August 3, 2000, appellant filed a civil action complaint on account against appellee, Philip W. Skinner, demanding judgment in the sum of $780 plus interest for services rendered on or about December 28, 1998. On October 31, 2000, appellant filed a motion for judgment on the pleadings. On November 22, 2000, appellee filed a letter in response to appellant's motion. In his response, appellee indicated that, instead of appellant billing his primary insurance provider (OSU Prime Care), appellant originally billed appellee's secondary insurance provider (Blue Cross Blue Shield of Illinois). According to appellee, Blue Cross Blue Shield of Illinois had agreed to pay a portion of the bill for services rendered once OSU Prime Care had responded to the claim with a denial. However, appellee alleged that before payment could be rendered by Blue Cross Blue Shield of Illinois, appellant had to respond to Blue Cross Blue Shield's request for necessary information.
This case was set for trial on January 17, 2001. On that date, appellee appeared for trial, but neither appellant, nor appellant's counsel appeared for trial. The trial court, after reviewing the motion and the pleadings, overruled appellant's motion for judgment on the pleadings. Appellee made an oral motion for dismissal for failure to prosecute because appellant and counsel for appellant failed to appear for trial. The trial court, pursuant to Civ.R. 41(B)(1), then dismissed the action for failure to prosecute, giving appellant until February 2, 2001 to show cause why the trial court's entry dismissing the matter should not be the final entry.
On January 23, 2001, appellant filed a motion for reconsideration of the trial court's denial of appellant's motion for judgment on the pleadings. The motion made no mention of appellant's failure to appear for trial. On February 5, 2001, the trial court held that appellant failed to show cause why this matter should not be dismissed, denied appellant's motion to reconsider the January 17, 2001 ruling on the motion for judgment on the pleadings, dismissed the case, and ordered that appellant pay costs.
It is from this judgment entry that appellant appeals, raising the following sole assignment of error:
 The lower court's ruling of January 17, 2001, overruling Plaintiff-Appellant's Motion for Judgment on the Pleadings was contrary to law and was in error.
While appellant appeals the trial court's ruling on its motion for judgment on the pleadings as being contrary to law, we find that the trial court had an independent basis for disposing of the action, namely appellant's failure to appear for trial. Thus, this court must first determine whether the trial court abused its discretion in dismissing the case pursuant to Civ.R. 41(B)(1), which provides:
(B) Involuntary dismissal; effect thereof.
 (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
Whether or not to dismiss an action for want of prosecution is within the discretion of the trial court. Industrial Risk Insurers v. Lorenz Equipment Company (1994), 69 Ohio St.3d 576. An abuse of discretion within the context of a dismissal pursuant to Civ.R. 41(B)(1) implies an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. Pembaur v. Leis (1982), 1 Ohio St.3d 89. In Jones v. Hartranft (1997), 78 Ohio St.3d 368, at 372, the court stated: "Thus, although reviewing courts espouse an ordinary `abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." A dismissal for want of prosecution is a harsh remedy that should only be granted when an attorney's conduct displays "a complete disregard for the judicial system or the rights of the opposing party." Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, at 70. In Jones, at 372, the court outlined the factors to be considered in granting a dismissal pursuant to Civ.R. 41(B)(1) to include:
 * * * [T]he drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. * * *
Appellant failed to appear at the trial set for January 17, 2001. The trial court gave appellant until February 2, 2001 at 11:00 a.m. to comply with its order to show cause why the matter should not be dismissed. On January 23, 2001, appellant filed a motion for reconsideration of the trial court's denial of plaintiff's motion for judgment on the pleadings. Appellant's memorandum in support only requested that the trial court reconsider its January 17, 2001 decision in overruling the motion for judgment on the pleadings. Appellant failed to give any reason why it did not appear for trial and why the trial court should not dismiss the action. The record reflects that appellant had ample opportunity to explain and/or justify its failure to prosecute. The burden was on appellant to explain why the case should not be dismissed for failure to prosecute. Appellant has failed to meet that burden.
Civ.R. 41(B)(3) specifies that a dismissal for failure to prosecute acts as an adjudication on the merits; i.e., a dismissal with prejudice. Notice must be given to `'provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992), 356-357, Section 13.07. As long as the party has been informed that dismissal of the action or claim is a possibility and has a reasonable opportunity to defend against the dismissal, then a court does not abuse its discretion in dismissing the action. Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 49. Under the facts in this case, we conclude that the trial court did not abuse its discretion when it dismissed the action for failure to prosecute.
Based on the foregoing, we overrule as moot appellant's assignment of error and affirm the judgment of the Franklin County Municipal Court.
DESHLER and KENNEDY, JJ., concur.