ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated docket pursuant to App.R. 11.1 and Loc.R. 11.1.
{¶ 2} Plaintiff-appellant Robert Gelske appeals from the trial court's dismissal of his complaint with prejudice. We find no merit to the appeal and affirm.
{¶ 3} In September 1997, Robert and Dana Gelske filed a complaint against defendant-appellee 880 Construction Company for faulty construction of an addition to their home.[1] In November 1999, the Gelskes voluntarily dismissed their complaint without prejudice pursuant to Civ.R. 41(A)(1)(a). At that time, the Gelskes were represented by attorney Edward Heben.
{¶ 4} On November 1, 2000, the Gelskes refiled their complaint. On March 8, 2001, the trial court sent notice that a case management conference was scheduled for April 2, 2001. On April 4, 2001, the trial court's journal entry indicated that the case management conference was conducted and a pretrial conference was set for July 6, 2001, with a further warning that, "Plaintiff's failure to appear may result in dismissal for failure to prosecute on that date.
{¶ 5} On April 5, 2001, attorney A. Dale Naticchia filed a "Notice of Substitution of New Counsel" on behalf of the Gelskes.
{¶ 6} The trial court's docket reflects the following journal entry on July 10, 2001:
 {¶ 7} Plaintiff did not appear and defendant's counsel appeared for pretrial on July 6, 2001. Pretrial is continued to 7/27/01 at 8:30 am. Failure of plaintiff to appear will result in matter being dismissed for want of prosecution [on] that date.
{¶ 8} On July 30, 2001, the trial court stated in its journal entry as follows:
 {¶ 9} At 9:10 am Plaintiff having failed to appear for pretrial and having been noticed twice previous that a further failure to appear would result in dismissal, same is dismissed this date for want of prosecution.
{¶ 10} Gelske appeals from the trial court's dismissal and raises one assignment of error.
 I. {¶ 11} WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED THE SANCTION OF DISMISSAL WITH PREJUDICE FOR FAILURE TO APPEAR AT PRETRIALS.
{¶ 12} Gelske argues that the trial court abused its discretion in dismissing his case with prejudice because his counsel never received notice of the pretrials.
{¶ 13} The trial court is in the best position to judge whether delays in the prosecution of a case are due to legitimate reasons when determining whether dismissal for lack of prosecution is warranted.Indus. Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576,581. Thus, the decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its discretion. Jones v. Hartranft
(1997), 78 Ohio St.3d 368, 371, citing Pembaur v. Leis (1982),1 Ohio St.3d 89, 91.
{¶ 14} Under Civ.R. 41(B)(1), the trial court must give notice to counsel before dismissing an action for want of prosecution. The purpose of requiring notice prior to dismissal is to provide the party in default with the opportunity to correct the default or to explain why the case should not be dismissed with prejudice. Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128.
{¶ 15} In the instant case, the trial court complied with the notice requirement of Civ.R. 41(B)(1). Each time counsel failed to appear at the scheduled pretrial, the trial court issued notice that continued failure to attend would result in dismissal of the case. Therefore, Gelske's counsel was given the opportunity to correct or explain his prior absence. However, in spite of being warned twice, counsel failed to appear.
{¶ 16} Counsel contends that he did not receive notice of the dates of the pretrials. However, the docket indicates that notice was issued to him as the attorney of record. Furthermore, when he replaced Gelske's prior attorney, counsel should have made efforts to become aware of pending matters, either by contacting prior counsel, opposing counsel, or checking the docket. By doing so, counsel would have been well informed regarding the dates on which pretrials were scheduled.
{¶ 17} Although the sanction seems severe, in a case where the attorney fails to attend two set pretrials, after being advised twice that nonattendance would result in dismissal, we do not find the court abused its discretion in dismissing the case with prejudice pursuant to Civ.R. 41(B).
{¶ 18} Gelske's assignment of error has no merit and is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. CONCURS DIANE KARPINSKI, J. CONCURS WITHSEPARATE CONCURRING OPINION
[1] Although the complaint was filed by both Robert and Dana Gelske, only Robert's name is listed in the notice of appeal. The complaint named 880 Construction Company, but the notice of appeal names 800 Construction Company.