[Cite as *State ex rel. Harsh v. Mohr*, 2013-Ohio-4218.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, ex rel. Robert Harsh, | : | |
| | : | No. 13AP-403 |
| Relator, | : | (REGULAR CALENDAR) |
| v. | : | |
| Gary Mohr, Director, | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on September 26, 2013

*Robert Harsh,* pro se.

*Michael DeWine*, Attorney General, and *Zachary T. Brumfield,* for respondent.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

CONNOR, J.

{¶ 1} Relator, Robert Harsh, an inmate incarcerated at the London Correctional Institution, commenced this original action requesting this court to issue a writ of mandamus ordering respondent, Gary Mohr, director of the Ohio Department of Rehabilitation and Correction, to stop removing funds from relator's institutional inmate account and to return such funds to relator's account.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended

that this court grant respondent's motion to dismiss relator's complaint due to relator's failure to comply with the requirements of R.C. 2969.25. Specifically, the magistrate determined that relator failed to file an affidavit listing each civil action or appeal of a civil action filed by relator in the past five years. The magistrate independently confirmed, by reference to the dockets of other courts, that relator failed to provide this court with a complete list of the civil actions which he has filed in the preceding five years.

{¶ 3} On June 26, 2013, relator filed an objection to the magistrate's decision. In his objection, relator asserts that this court should refuse to adopt the magistrate's decision, as courts should generally attempt to decide cases on their merits. Relator asserts that he attempted to list all of his previously filed cases to the best of his abilities, noting that he is currently in prison and thus has limited access to a law library or the "PACER files." (Relator's Objection, ¶ 2.) Relator asks this court to allow him to amend his complaint so he may provide the information required by R.C. 2969.25.

{¶ 4} R.C. 2969.25(A) provides that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal * * * that the inmate has filed in the previous five years." The affidavit must include the following information for each of those civil actions or appeals: (1) a brief description of the nature of the civil action or appeal, (2) the case name, case number, and the court in which the civil action or appeal was brought, (3) the name of each party to the civil action or appeal, and (4) the outcome of the civil action or appeal. R.C. 2969.25(A)(1) through (4).

{¶ 5} "It is well-settled that compliance with the requirements of R.C. 2969.25 is mandatory, and that the failure to comply with R.C. 2969.25 requires dismissal of the action." *State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999). "[T]he affidavit required by R.C. 2969.25(A) must be filed at the time an inmate commences the civil action or appeal [and] [t]he belated attempt to file the required affidavit does not excuse noncompliance." *Evans* at ¶ 4, citing *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9. *See also Hall v. Collins,* 10th Dist. No. 10AP-73, 2010-Ohio-3845, ¶ 10 (documents required under R.C. 2969.25 "must be filed at the time the complaint is filed," and plaintiff's failure to comply with the statutory

requirements "when he filed his complaint subjects his complaint to dismissal"). Because relator failed to file an affidavit at the commencement of this action containing the information required by R.C. 2969.25(A), his objection lacks merit and is overruled.

{¶ 6}   We further note that relator filed an "Application to Proceed Pursuant to R.C. 2323.52(D)(3)/(F)(2)" on August 8, 2013. In the application, relator requests leave to proceed, certifying that "nothing frivolous has ever been filed by him or is pending in any court." (Application to Proceed, ¶ 1.) R.C. 2323.52 concerns vexatious litigators. The statute prevents an individual subject to a vexatious litigator order from instituting legal proceedings without first obtaining leave to proceed. Our independent review of the Supreme Court of Ohio's publication of vexatious litigators reveals that relator is not subject to a vexatious litigator order. As such, relator's application to proceed pursuant to R.C. 2323.52(D)(3)/(F)(2) is denied.

{¶ 7}   Based upon this court's independent review of the matter, we find that the magistrate has properly determined the facts and applied the pertinent law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant respondent's motion to dismiss and dismiss relator's complaint for a writ of mandamus.

*Motion to dismiss granted;*
*complaint dismissed.*

KLATT, P.J., and TYACK, J., concur.

––––––––––––––––––––

# A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, ex rel.<br>Robert Harsh, | : | |
| | : | No. 13AP-403 |
| Relator, | | |
| | : | (REGULAR CALENDAR) |
| v. | : | |
| Gary Mohr, Director, | : | |
| Respondent. | : | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on June 19, 2013

---

*Robert Harsh,* pro se.

*Michael DeWine,* Attorney General, and *Zachary T. Brumfield,* for respondent.

---

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 8}  Relator, Robert Harsh, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Gary Mohr, director of the Ohio Department of Rehabilitation and Correction, to cease stealing funds from his institutional inmate account and a return of the stolen funds to his account.

<u>Findings of Fact</u>:

{¶ 9} 1. Relator is an inmate currently incarcerated at London Correctional Institution ("LCI").

{¶ 10} 2. On May 14, 2013, relator filed this petition for a writ of mandamus.

{¶ 11} 3. At the time he filed his complaint, relator filed an affidavit of prior actions which is identical to the list of actions relator provided this court in 10th Dist. No. 13AP-357.

{¶ 12} 4. Relator has filed an affidavit of indigency to which he has attached what appears to be a statement from the institutional cashier. This statement does not comply with the requirements of R.C. 2969.25(C) because it does not provide this court with a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier. Instead, relator's statement only provides the average for the preceding six months.

{¶ 13} 5. On May 29, 2013, respondent filed a motion to dismiss on grounds that relator's complaint fails to comply with the requirements of R.C. 2969.25(A) and (C). With regard to relator's affidavit of prior civil actions, respondent asserts that relator has failed to list many cases he has filed during the preceding five years and has failed to provide this court with sufficient information concerning the case which he did list. Specifically, respondent notes the following:

> Relator has failed to comply with R.C. 2969.25(A) because his Affidavit of Prior Civil Actions does not provide an exhaustive list of each civil action or appeal he has filed in the five preceding years. While Relator does include information pertaining to some of his civil filings in the relevant time period, he has failed to list a plethora of civil actions filed therein.
>
> First, in the United States Court of Appeals for the Sixth Circuit, Relator list one pending appeal, *Harsh v. City of Franklin, Ohio et. al* (Case No. 11-4014). *See* Pet'r's Prior Actions Aff. However, in the previous five years, Relator has filed at least nine other appeals within the Sixth Circuit. The case numbers for those appeals are: 08-3607; 08-4307; 09-3401; 09-3629; 09-4101; 09-4555; 10-4053; 11-3569; and 12-3781. Relator failed to include all of these cases in his Affidavit. *See generally* **Pet'r's Prior Actions Aff.**

> Next, **Relator's Affidavit of Prior Civil Actions describes three** civil filings in the Ohio Court of Claims. *Id.* Yet, Relator has filed three other actions in the Ohio Court of Claims that are not listed. *See generally id.* Those case numbers are as follows: 2010-05209; 2010-05935; 2011-12269. Finally, Relator failed to describe and list prior civil actions or appeals he filed in the Supreme Court of Ohio (Case No. 2011-1112), the Ross County Court of Common Pleas (Case No. 10CI000781, Case No. 11CA003271, and Case No. 11CI000205), and the Butler County Court of Common Pleas (Case No. CV2008 05 2342, Case No. CA2010 10 0260, Case No. CA 2011 07 0119, and Case No. CA 2012 07 0134). *See generally* **Pet'r's Prior Actions Aff.** All of these civil actions or appeals were filed by Relator in the previous five years.

(Emphasis sic; footnote deleted.)

{¶ 14} 6. On June 6, 2013, relator filed a motion for leave to comply with R.C. 2969.25.

{¶ 15} 7. On June 17, 2013, the magistrate denied relator's motion, because R.C. 2969.25 must be complied with at the time the complaint is filed.

{¶ 16} 8. The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 17} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's complaint.

{¶ 18} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he has filed in the past five years, providing specific information regarding each civil action or appeal. Specifically, R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 19} The requirements of R.C. 2969.25(A) are mandatory. *See State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998), and *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997). In both *Zanders* and *Alford*, the petitioners were pro se litigants. The court did not afford them any leeway in applying the mandates of R.C. 2969.25.

{¶ 20} As noted in respondent's motion to dismiss, relator has omitted from his list of prior actions several cases. Upon review, the magistrate has confirmed that respondent is correct to assert that relator has failed to provide this court with a complete list of the actions he has filed in the preceding five years and, further, relator has failed to provide this court with the information required by R.C. 2969.25(A).

{¶ 21} In *State ex rel. Martin v. Ghee,* 10th Dist. No. 01AP-1380 (Apr.9, 2002), this court stated:

> Even if appellant did not have access to the case numbers for his previous actions, the information appellant supplied in his affidavit was wholly insufficient under R.C. 2969.25(A). Appellant conceded in his affidavit that he had filed prior lawsuits. However, appellant fails to make any attempt to describe the civil actions or appeals he filed in the previous five years. He also does not indicate which courts the referred-to claims were brought in, the parties' names, or the outcomes. Appellant could have easily compiled and

submitted this information in an affidavit even if he did not have access to the specific case numbers of the prior actions. His bare recitation that none of the unidentified cases were found to be malicious or frivolous is inadequate pursuant to the mandates of R.C. 2969.25(A).

Courts, including this court, have dismissed inmates' complaints pursuant to R.C. 2969.25(A) even when they have included more information in their affidavits than what appellant included in the present case. See *Harman, supra* (the information supplied regarding each of the previous civil cases was insufficient under R.C. 2969.25(A), despite the fact the inmate listed eleven of his eighteen civil cases filed within the last five years); *State ex rel. Pinkava v. Gaul* (Aug. 27, 2001), Cuyahoga App. No. 79883, unreported (insufficient to identify only one of at least three civil cases inmate had filed within the last five years); *State ex rel. Bristow v. Huffman* (2000), 138 Ohio App.3d 500, 741 N.E.2d 630 (insufficient to identify only eleven of at least twenty-three prior civil cases or appeals inmate had filed within the last five years); *Hattie v. Andrews* (May 14, 1998), Franklin App. No. 97APE11-1446, unreported (dismissal proper even when inmate identified some of his prior civil actions because he materially misstated the number of such civil actions in his affidavit filed pursuant to R.C. 2969.25). Similarly, the scant information supplied by appellant in the present case was insufficient.

{¶ 22} Pursuant to Ohio Evidence Rule 201(B), this court can take judicial notice of a fact that is not subject to reasonable dispute. Judicial notice may bet taken of facts that are:

[E]ither (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable [sic] be questioned.

(Footnote deleted.)

{¶ 23} This principle permits an Ohio court to take judicial notice of another court's docket to establish that litigation was commenced.

On the same date that their evidence was due, the parties filed motions for the court to take judicial notice of certain filings in the [*Erie Metroparks Bd. of Commrs. v. Key Trust Co. of Ohio,* Erie App. Nos. E-02-009 and E-02-011, 2002-

Ohio-4827, 2002 WL 31054032, ¶ 22] litigation, including the common pleas court and court of appeals judgments, which are attached to their motions. Because the parties agree that the submitted documents should be part of the court's record in this original action, we grant the motions. Cf. *Stutzka v. McCarville* (C.A.8, 2005), 420 F.3d 757, 761, fn. 2 (court takes judicial notice of judicial opinions and public records on motion to enlarge record on appeal); *Liberty Mut. Ins. Co. v. Rotches pork Packers, Inc.* (C.A.2, 1992), 969 F.2d 1384, 1388, quoting *Kramer v. Time Warner, Inc.* (C.A.2, 1991), 937 F.2d 767, 774 ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings' ").

*State ex rel. Coles v. Granville,* 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 20.

{¶ 24} Finding that relator has failed to comply with the mandatory filing requirements of R.C. 2969.25(A), it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's complaint.

/s/ *Stephanie Bisca Brooks*
STEPHANIE BISCA BROOKS
MAGISTRATE

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).