**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rohrer v. Holzapfel,* Slip Opinion No. 2016-Ohio-7827.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7827

THE STATE EX REL. ROHRER, APPELLANT, *v.* HOLZAPFEL, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rohrer v. Holzapfel,* Slip Opinion No. 2016-Ohio-7827.]**

*Mandamus and procedendo—Case is moot and does not fall under mootness exception for issues capable of repetition yet evading review—Court of appeals' dismissal of petition affirmed.*

(No. 2016-0304—Submitted August 16, 2016—Decided November 22, 2016.)

APPEAL from the Court of Appeals for Ross County, No. 15CA3508.

_____

**Per Curiam.**

{¶ 1} We affirm the Fourth District Court of Appeals' dismissal of the petition for writs of mandamus and procedendo filed by appellant, John J. Rohrer.

{¶ 2} The case is moot, because the stay placed on consideration of Rohrer's 2015 motion has been lifted and the trial court is considering it. Moreover, the case does not meet the "capable of repetition yet evading review" exception to mootness.

*Facts and Procedural History*

**{¶ 3}** Rohrer was the defendant in a criminal case in which he was found not guilty of felonious assault by reason of insanity and was also found to be a "mentally ill person subject to hospitalization by court order." Multiple hearings have been conducted over the years regarding Rohrer's continued commitment.

**{¶ 4}** In 2014, Rohrer filed a motion (the "2014 motion") asserting that the trial court lacked authority to order his original commitment in 2010 because he was not a "mentally ill person subject to court order" within the meaning of R.C. 2945.40. After holding a hearing, the trial court found that Rohrer continued to be mentally ill and subject to court-ordered hospitalization. Rohrer appealed the trial court's ruling to the court of appeals.

**{¶ 5}** In March 2015, nearly six months after the hearing on the 2014 motion, Rohrer filed a motion to terminate his involuntary confinement (the "2015 motion"), based on his contention that he was no longer mentally ill. Rohrer contends that he is not and has not been mentally ill, at least since the time that his forced medication ended.

**{¶ 6}** In July 2015, more than 120 days after he filed the 2015 motion, Rohrer filed a motion for default judgment. After holding a hearing on the default-judgment motion in September 2015, the court issued an order declaring that the issues raised in the 2015 motion were the same issues raised in Rohrer's appeal from the denial of the 2014 motion and stayed the action pending the outcome of that appeal.

**{¶ 7}** On October 7, 2015, Rohrer filed in the court of appeals a petition for writs of mandamus and procedendo, requesting that appellee, Judge Leonard Holzapfel of the Court of Common Pleas of Ross County, be ordered to either grant or hold a hearing on the 2015 motion. While Rohrer continues to question the trial court's jurisdiction over his original case, he argues that the 2015 motion was based exclusively on his mental status after the September 2014 hearing. He claims that

the stay imposed on the appeal of the 2014 motion violated his right to a hearing on the conditions of his confinement every six months as required under R.C. 2945.401(C) and (J)(1)(a) and 2945.40. He also claims that the hearing should be conducted before a jury, in his presence, and on the record.

{¶ 8} The court of appeals ultimately affirmed the trial court's denial of the 2014 motion, *State v. Rohrer*, 2015-Ohio-5333, 54 N.E.3d 654 (4th Dist.), and we declined jurisdiction, 145 Ohio St.3d 1459, 2016-Ohio-2807, 49 N.E.3d 321.

{¶ 9} In February 2016, the court of appeals dismissed Rohrer's petition for writs of mandamus and procedendo. The court determined that Rohrer's request for a writ of procedendo was arguably moot, because its judgment affirming the trial court's denial of the 2014 motion had acted to terminate Judge Holzapfel's stay of consideration of the 2015 motion. The court of appeals further determined that the issue raised in the case was capable of repetition yet evading review; therefore, the court considered the merits of Rohrer's petition. Ultimately concluding that Judge Holzapfel had not abused his discretion in issuing the stay, the court denied the requested writs. Rohrer appealed.

*Analysis*

**Mootness**

{¶ 10} In a motion filed July 5, 2016, Rohrer argues that the case is not moot for two reasons. First, he asserts that Judge Holzapfel "continue[s] to refuse to rule" on his motion for a default judgment or to provide the requested hearing on the 2015 motion. Second, he argues that the issue of Judge Holzapfel's "interference" with Rohrer's asserted right to a hearing will arise again if Rohrer appeals future rulings while also attempting to exercise his rights to periodic reviews of his mental status and of the conditions of his confinement under R.C. 2945.401(C).

{¶ 11} Rohrer's first contention is belied by the docket, which shows the following. Shortly after we declined jurisdiction of Rohrer's appeal challenging

the trial court's denial of the 2014 motion, Judge Holzapfel scheduled a hearing on the 2015 motion. On September 9, 2016, the trial court ordered that Rohrer be evaluated in order to determine whether his commitment should continue. On September 22, the court scheduled a "commitment review" hearing for November 4. This case is therefore moot, because the court is acting on the 2015 motion, which is exactly the result that Rohrer sought in his petition.

{¶ 12} Rohrer's second contention is based on his rights under R.C. 2945.401(C). Under that statute, Rohrer has the right to a biannual review of his continued commitment, and every six months he may also request an evaluation of the conditions of his confinement:

> The * * * institution, facility, or program to which a defendant * * * has been committed under section * * * 2945.40 of the Revised Code shall report in writing to the trial court * * * as to whether the defendant * * * remains a mentally ill person subject to court order * * *. The * * * institution, facility, or program shall make the reports after the initial six months of treatment and *every two years* after the initial report is made. The trial court shall provide copies of the reports to the prosecutor and to the counsel for the defendant or person. *Within thirty days* after its receipt pursuant to this division of a report * * * *the trial court shall hold a hearing on the continued commitment of the defendant * * ** or on any changes in the conditions of the commitment of the defendant * * *. *The defendant * * * may request a change in the conditions of confinement, and the trial court shall conduct a hearing on that request if six months or more have elapsed since the most recent hearing* was conducted under this section.

(Emphasis added.) R.C. 2945.401(C). In other words, Rohrer has the right to a biannual assessment of his status as a mentally ill person. According to the court of appeals, this is what occurred at hearings in September 2014 and forms part of the basis of the appeal to the Fourth District in *State v. Rohrer*, 2015-Ohio-5333, 54 N.E.3d 654, at ¶ 2. That appeal was the reason given by Judge Holzapfel for the stay of consideration of the 2015 motion.

**{¶ 13}** If Judge Holzapfel's stay of Rohrer's action based on the 2015 motion pending appeal of the denial of the 2014 motion interfered with either of his rights under R.C. 2945.401(C), then Rohrer would have an argument that the issue in this case is capable of repetition yet evading review. Below, the court of appeals noted that although Rohrer has the statutory right to request every six months a change in the conditions of his confinement, Judge Holzapfel could impose a stay after each request as long as an appeal of the denial of any previous such motion, or an appeal of a biannual assessment of mental status, was pending. Because Rohrer is entitled to a six-month review of the conditions of his confinement regardless of whether any other motions are on appeal, the court below reasoned, this case is capable of repetition yet evading review.

**{¶ 14}** While this hypothetical scenario is possible, the 2015 motion does not implicate either of Rohrer's rights under R.C. 2945.401(C). Rather, the trial court conducted a biannual review of Rohrer's continued commitment in September 2014. The only request he could make after that was for a six-month review of the conditions of his confinement. These are distinct issues, as illustrated by the separate burdens of proof for each set forth in R.C. 2945.401(G)(1) and (2).

**{¶ 15}** The 2015 motion does not request a change in the conditions of Rohrer's confinement. Rather, it requests Rohrer's unconditional release based on his assertion that he no longer meets the definition of a mentally ill person and is therefore not subject to hospitalization by court order. In support of this assertion, Rohrer offers arguments virtually identical to those made in his appeal of the denial

of the 2014 motion, except that he includes the time period from September 2014 until he filed the 2015 motion.

{¶ 16} The 2015 motion does not fall under either the mandatory biannual review or the review of the conditions of confinement allowed every six months under R.C. 2945.401(C). Therefore, by staying consideration of the 2015 motion pending appeal of the 2014 biannual review, Judge Holzapfel did not interfere with Rohrer's statutory rights to a biannual review of his mental status or to a six-month review of the conditions of his confinement.

{¶ 17} Because the case is moot and—contrary to the determination of the court of appeals—does not fall under the mootness exception for issues capable of repetition yet evading review, we affirm that court's judgment, though on different grounds.

*Conclusion*

{¶ 18} This case is moot, because the stay placed on consideration of the 2015 motion has been lifted and Judge Holzapfel is considering it. The case does not meet the "capable of repetition yet evading review" exception to mootness, because the trial court's failure to consider the 2015 motion earlier did not violate Rohrer's statutory rights to periodic review of his mental status and of the conditions of his confinement. We affirm the judgment of the court of appeals on these grounds.

Judgment affirmed
and motion denied.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

Fitrakis & Gaddell-Newton, L.L.C., Robert J. Fitrakis, and David L. Kastner, for appellant.

6

_____