[Cite as *State ex rel. Brime v. McIntosh*, 2019-Ohio-4019.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Ozie M. Brime, | : | |
| Relator, | : | |
| v. | : | No. 19AP-70 |
| Honorable Stephen L. McIntosh, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on September 30, 2019

*Ozie M. Brime,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Bryan B. Lee,* for
respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

BRUNNER, J.

{¶ 1} Relator, Ozie M. Brime, an inmate of the Noble Correctional Institution, commenced this original action seeking a writ of procedendo ordering respondent, the trial judge of the Franklin County Court of Common Pleas, to enter a decision on the petition for postconviction relief Brime had filed on April 11, 2018 in connection with his underlying case, Franklin C.P. No. 17CR-1077. For the reasons that follow, we adopt the magistrate's decision granting the trial judge's motion to dismiss and denying the requested writ.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On April 11, 2018, Brime filed a motion for postconviction relief in his underlying case in the Franklin County Court of Common Pleas. On April 26, 2018, he filed a motion for summary judgment relating to the April 11, 2018 motion.

{¶ 3}    On February 4, 2019, Brime filed this procedendo action, seeking a writ ordering the trial judge to rule on Brime's April 11, 2018 motion for postconviction relief.

{¶ 4}    This Court referred this matter to a magistrate according to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The Court's magistrate confirmed that Brime had filed his motion for postconviction relief as stated and, further, that the trial judge had not ruled on the motion as of the time Brime filed this procedendo action. On May 14, 2019, the magistrate ordered the trial judge to file an answer or other responsive pleading no later than May 21, 2019, demonstrating why the magistrate should not issue a decision recommending that this Court grant the requested writ. The record before us reflects that counsel for the trial judge failed to file an answer or other responsive pleading by the deadline set by the magistrate.

{¶ 5}    However, on June 12, 2019, before the magistrate's decision was issued or entered into the record, a motion was filed for leave to file a motion to dismiss instanter containing a certified copy of the trial court's June 11, 2019 entry denying Brime's April 11, 2018 motion for postconviction relief.

{¶ 6}    The magistrate granted leave to file the motion to dismiss "in the interest of justice." (App'x at ¶ 29.)

{¶ 7}    On June 21, 2019, the magistrate issued and entered a decision in the matter, which is appended hereto, including findings of facts and conclusions of law. The magistrate found that the trial judge had performed the government act that Brime sought to be performed in procedendo. Thus, the magistrate recommended that this Court grant the trial judge's motion to dismiss. The magistrate also recommended a waiver of costs, given that the trial judge had not acted before Brime filed his action.

{¶ 8}    Brime has filed no objections to the magistrate's decision.

## II. LAW AND DISCUSSION

{¶ 9}    For a writ of procedendo to issue, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* The magistrate has properly stated in her decision that "[p]rocedendo is an order from a court

of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be.  *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995)." (App'x at ¶ 27.)

{¶ 10}  The record before us shows that the trial judge issued a decision and entry denying Brime's April 11, 2018 motion for postconviction relief and did perform the act Brime sought in his procedendo complaint. There is nothing left at this point to order the trial court to do, and we agree with the magistrate that Brime's request for a writ of procedendo must be denied.

## III.  CONCLUSION

{¶ 11}  Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including its findings of fact and conclusions of law contained herein.  On review of the magistrate's decision and an independent review of the record and the applicable law, we grant the trial judge's motion to dismiss Brime's application for a writ of procedendo and waive Brime's costs in this matter.

*Motion to dismiss granted;*
*application for writ of procedendo dismissed.*

DORRIAN and NELSON, JJ., concur.

———————————————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Ozie M. Brime, | : | |
| Relator, | : | |
| v. | : | No. 19AP-70 |
| Honorable Stephen L. McIntosh, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

**M A G I S T R A T E ' S   D E C I S I O N**
**N U N C   P R O   T U N C**

**Rendered on June 21, 2019**

---

*Ozie M. Brime,* **pro se.**

*Ron O'Brien,* **Prosecuting Attorney, and** *Bryan B. Lee,* **for respondent.**[1]

---

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 12} Relator, Ozie M. Brime, has filed this original action requesting this court issue a writ of procedendo ordering respondent, the Honorable Stephen L. McIntosh, judge of the Franklin County Court of Common Pleas, to rule on the petition for postconviction relief filed by relator on April 11, 2018 in his underlying Franklin C.P. No. 17CR-1077.

---

[1] This nunc pro tunc magistrate's decision filed June 21, 2019 replaces the previous magistrate's decision to include the name of counsel for respondent.

Findings of Fact:

{¶ 13} 1.   Relator is an inmate currently incarcerated at Noble Correctional Institution.

{¶ 14} 2.  Relator filed this procedendo action on February 4, 2019, and seeks a writ of procedendo ordering respondent to rule on his April 11, 2018 motion for postconviction relief.

{¶ 15} 3.  A review of the court's docket in the underlying criminal action establishes that relator did file his motion for postconviction relief on April 11, 2018.  An assistant prosecuting attorney filed a memorandum contra on April 16, 2018.

{¶ 16} 4.  On April 26, 2018, relator filed a motion for summary judgment related to his motion for postconviction relief.

{¶ 17} 5.  Respondent has not ruled on relator's motion.  As such, relator filed this procedendo action.

{¶ 18} 6.  Despite the fact that service was complete on February 12, 2019, no answer has been filed despite this court's attempts to contact counsel for respondent.

{¶ 19} 7.  By order dated May 14, 2019, this magistrate ordered respondent to file an answer or other responsive pleading no later than May 21, 2019 demonstrating why this magistrate should not issue a decision recommending that this court grant relator's request for a writ of procedendo.

{¶ 20} 8.   Respondent failed to file an answer or other responsive pleading by May 21, 2019.

{¶ 21} 9.   A magistrate's decision recommending the granting of the writ was dictated and typed, but not released because the magistrate was on vacation.

{¶ 22} 10.   On June 12, 2019, respondent filed a motion to dismiss and attached thereto the trial court's June 11, 2019 entry denying relator's April 11, 2018 motion for postconviction relief.

{¶ 23} 11.  This matter is currently before the magistrate.

Conclusions of Law:

{¶ 24} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of procedendo.

{¶ 25} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 26} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 27} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 28} Under Evid.R. 201(B), a judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." "The Ohio Supreme Court has held that a court may take judicial notice of its own docket in certain instances." *State v. Kartsone,* 8th Dist. No. 95104, 2011-Ohio-1930, ¶ 29, citing *Indus. Risk Insurers v. Lorenz Equip. Co.,* 69 Ohio St.3d 576, 580 (1994) ("[A] trial court is not required to suffer from institutional amnesia. It is axiomatic that a trial court may take judicial notice of its own docket."). *State ex rel. Coles v. Granville,* 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 20, citing *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.* (C.A.2, 1992) 969 F.2d 1384, 1388, quoting *Kramer v. Time Warner, Inc.* (C.A.2, 1991), 937 F.3d 767, 774 (" 'A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' "). Courts may take judicial notice of appropriate matters in considering a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment. *State ex rel. Neff v. Corrigan,* 75 Ohio St.3d 12 (1996). The Supreme Court of Ohio has also held that a

court may take judicial notice of public court records available on the internet. *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8; *State ex rel. Harsh v. Mohr,* 10th Dist. No. 13AP-403, 2013-Ohio-4218.

{¶ 29} Despite the fact that respondent filed the motion to dismiss later than May 21, 2019, the magistrate granted respondent leave to do so in the interest of justice. At this time, respondent has performed the act which relator sought to compel by the filing of this action. As such, relator's request for a writ of procedendo is denied. However, inasmuch as respondent did not act prior to the filing of this action, this court should waive costs.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).