[Cite as *State ex rel. Ramirez v. Cuyahoga Cty. Domestic Relations Court*, 2025-Ohio-2601.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.        :
SHANNON LEE RAMIREZ,

                                :

      Relator,

                                :            No. 114935

      v.

                                :

CUYAHOGA COUNTY DOMESTIC
RELATIONS COURT, ET AL.,        :

      Respondents.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** July 23, 2025

---

Writ of Mandamus
Order No. 586279

---

## *Appearances:*

Shannon Lee Ramirez, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and David J. Peters, Jr., Assistant Prosecuting Attorney, *for respondents.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Shannon Lee Ramirez, the relator, has filed a complaint for a writ of mandamus. Ramirez seeks an order from this court that requires Judge Diane Palos and Magistrate Eileen Gerity, the respondents, to issue rulings with regard to the

following motions or filings made in *Smosny v. Ramirez*, Cuyahoga C.P. Domestic Relations No. DR-21-388160: 1) amendment to original motion for reappointment of GAL filed February 21, 2025, with original motion filed February 7, 2025; 2) request for findings of fact and conclusions of law filed March 11, 2025; 3) motion to compel rulings on outstanding motions filed March 14, 2025; 4) emergency motion to stay the appointment of a forensic evaluation specialist filed March 17, 2025; 5) motion to dismiss plaintiff's motion to modify parental rights and responsibilities filed March 18, 2025; and 6) notice of court inaction regarding the emergency motion to stay the appointment of a forensic evaluation specialist filed March 19, 2025. Ramirez also alleges judicial neglect on the part of Judge Palos and Magistrate Gerity. Judge Palos and Magistrate Gerity have filed a joint motion to dismiss that is granted for the following reasons.

{¶ 2} The writ of mandamus and the writ of procedendo generally serve a similar purpose and the Ohio Supreme Court has treated them both as available remedies. "Although mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since '[a]n inferior's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994). Accordingly, we shall treat the complaint as a request for a writ of procedendo.

{¶ 3} In order to obtain a writ of procedendo, Ramirez must establish that she possesses a clear legal duty to require Judge Palos and Magistrate Gerity to

proceed, that Judge Palos and Magistrate Gerity possess a clear legal duty to proceed, and there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 9; *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 461 (1995). When a court refuses to render a judgment or has unnecessarily delayed proceeding to judgment, procedendo is the appropriate remedy. *State ex rel. CNG Fin. Corp. v. Nadel*, 2006-Ohio-5344, ¶ 6. It must also be noted that procedendo cannot be employed to compel the performance of a duty that has already been performed. *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 4} Herein, Ramirez seeks rulings with regard to motions that allegedly remain pending in *Smosny v. Ramirez*, Cuyahoga C.P. Domestic Relations No. DR-21-388160. Attached to the motion to dismiss is the docket maintained in DR-21-388160, as well as a review of the internet docket maintained by the Cuyahoga County Domestic Relations Court, that demonstrates Judge Palos and Magistrate Gerity have issued rulings with regard to the motion for reappointment of GAL, motion for findings of fact and conclusions of law, motion to compel rulings on outstanding motions, and emergency motion to stay appointment of Forensic Evaluation Specialist.[1] In fact, Ramirez generally admits in her brief in opposition to the joint motion to dismiss that rulings were issued by Judge Palos and Magistrate

---

[1]This court is permitted to consider evidence outside the complaint to determine if an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). In addition, this court may take judicial notice of public court records that are available on the internet. *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8; *State ex rel. Brime v. McIntosh*, 2019-Ohio-4019, ¶ 28 (10th Dist.).

Gerity before the filing of her complaint for a writ of procedendo. *See* Ramirez's opposition to the respondents' motion to dismiss, ¶ 3, filed April 29, 2025.

{¶ 5} Thus, procedendo will not issue to compel a ruling with regard to motions that have already been ruled upon by Judge Palos and Magistrate Gerity. *Grove* at 253. Further, consideration of Ramirez's motion to dismiss has been scheduled for a future hearing. The Supreme Court of Ohio has held that setting a matter for hearing renders a complaint for procedendo moot. *State ex rel. Rohrer v. Holzapfel*, 2016-Ohio-7827, ¶ 2, 11, 18; *State ex rel. S.Y.C. v. Floyd*, 2018-Ohio-2743, ¶ 11, 13 (8th Dist.). It must also be noted that Rameriz's "notice of court inaction regarding the emergency motion to stay the forensic evaluation specialist" does not constitute a motion and is not subject to a writ of procedendo.

{¶ 6} Finally, Ramirez seeks to have this court supervise Judge Palos and Magistrate Gerity and require them to "provide a written explanation if it continues to deny these motions, ensuring transparency in its decision making process." Ramirez further alleges that a clear pattern of bias and ex parte communications on the part of Judge Palos and Magistrate Gerity. There exists no duty, via procedendo, for Judge Palos and Magistrate Gerity to provide any written explanation as to disposition of a motion. *Compare State ex rel. Jackson v. Official Court Reporter*, 2012-Ohio-3968, ¶ 3 (8th Dist.); *State ex rel. Molton v. Matia*, 2003-Ohio-6630, ¶ 3 (8th Dist.). Further, neither procedendo nor mandamus may be employed to supervise Judge Palos and Magistrate Gerity via a claim of bias or ex parte

communications. This court may only direct a respondent to proceed to judgment. *State ex rel. S.Y.C v. Floyd*, 2018-Ohio-2743, ¶ 12 (8th Dist.).

{¶ 7} Accordingly, we grant the joint motion to dismiss filed by Judge Palos and Magistrate Gerity. Costs to Ramirez. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 8} Complaint dismissed.

---------------------------------------------------------
KATHLEEN ANN KEOUGH, JUDGE

EMANUELLA D. GROVES, P.J., and
SEAN C. GALLAGHER, J., CONCUR